THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN QUACKENBUSH, Appellant. — Appeal from a judgment of the Montgomery County Court, rendered September 3, 1971, upon a verdict convicting the defendant of the crimes of criminal possession of a dangerous drug in the sixth degree, criminal possession of a dangerous drug in the fifth degree, and sale of a dangerous drug in the fourth degree. The trial resulted from a three-count indictment which alleged that the defendant possessed a dangerous drug in the form of a pill containing lysergic acid diethylamide (LSD) which he sold to an informant. The pill was grayish brown in color and being approximately one eighth of an inch in diameter and one sixteenth of an inch thick, and the consideration paid to the defendant was $5. As part of the People's case, a chemical expert was called to state his opinion with reference to the chemical composition of the pill, which was the basis of the indictment. He testified that he made four tests to determine the contents of the said pill and in doing so, consumed all of the pill. He testified that he performed the "DMBA." and "ultraviolet" tests and said that any number of substances could have produced the same results which he obtained from these experiments. The other two tests were specific and from the record it is obvious that the witness relied upon these tests as the basis for his opinion that the pill was LSD. The witness contended, however, that because of Federal regulations he could not reveal how the latter two tests were conducted or the results therefrom. Following the completion of his testimony the attorney for the defendant moved to strike the testimony of the expert on the basis that no proper foundation had been laid for his testimony. The court denied that motion and further motions by the defendant based upon a failure of proof and other grounds. The People's case was premised entirely upon the identity of the drug as LSD, and while it appears that supporting proof of such identity may have been available, the actual proof offered was insufficient to establish the presence of LSD in the pill. The error of the trial court in regard to appropriate rulings on the testimony of the People's expert witness was of

sufficient gravity to require a reversal and, accordingly, the other contentions of the defendant need not be considered. Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.